UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

          Petitioner,

v.                                       Case No. 22-CV-218

STATE OF WISCONSIN,

          Respondent.

## RECOMMENDATION AND ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Derrick Watkins is in custody awaiting trial in Milwaukee County Circuit Court. He filed a petition for a writ of habeas corpus because, he argues, the circuit court failed to hold a preliminary hearing within the time period required under state law. He seeks leave to proceed without pre-paying the $5.00 filing fee. Based on the information contained in his financial affidavit, the court grants his motion to proceed without prepaying the filing fee.

Because Watkins is awaiting trial, his petition comes under 18 U.S.C. § 2241. In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ

of habeas corpus under 28 U.S.C. § 2241 and must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Watkins failed to use the court's standard form as required under Civil Local Rule 9(a). However, the court finds that requiring Watkins to file an amended petition using the court's required forms is unnecessary because the nature of his claim is sufficiently clear from his submissions, and it is apparent that his petition is without merit.

Watkins complains that his preliminary hearing was not conducted within the period of time required under state law. (ECF No. 1 at 2, ¶ 4.) However, a violation of state law cannot form the basis for federal habeas relief. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Watkins also refers to a "*Riverside* violation." (ECF No. 1 at 3, ¶ 9.) The nature of this claim is unclear. He appears to argue that the delay in holding a preliminary hearing amounted to a violation of the rule set forth in *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991), which holds that, within 48 hours of a warrantless arrest, a judicial officer must determine if probable cause exists to continue to hold the defendant.

However, a preliminary hearing is not the means by which Milwaukee County Circuit Courts comply with *Riverside*. Rather, the routine practice is that a court commissioner reviews sworn written statements from a police officer and decides whether those statements establish probable cause. *See, e.g.*, *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *United States v. West*, No. 08-CR-157, 2009 U.S. Dist. LEXIS 121970, at *19 (E.D. Wis. Mar. 3, 2009) (citing *United States v. Stribling*, 2008 U.S. Dist. LEXIS 7436 (E.D. Wis. 2008); *Townsend v. Jess*, 2006 U.S. Dist. LEXIS 83678 (E.D. Wis. 2006)). This process occurs without the defendant appearing before the commissioner, which may result in the defendant being unaware that the review has occurred. *See United States v. West*, No. 08-CR-157, 2009 U.S. Dist. LEXIS 121970, at *25 (E.D. Wis. Mar. 3, 2009); *Townsend v. Jess*, No. 06-C-171, 2006 U.S. Dist. LEXIS 83678, at *13 (E.D. Wis. Nov. 15, 2006). Thus, insofar as Watkins is alleging that the delay in holding the preliminary hearing violated *Riverside*, it plainly appears he is not entitled to relief.

Additionally, and alternatively, dismissal is appropriate because Watkins has failed to exhaust his remedies in state court. Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also*

3

*United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

Watkins states he attempted to pursue an interlocutory appeal but the court of appeals dismissed it for lack of jurisdiction. (ECF No. 1 at 3.) However, there is no indication that he sought relief in the Wisconsin Supreme Court. Nor has Watkins demonstrated that the issues he presented in that appeal were those he seeks to present here.

Because it plainly appears that Watkins is not entitled to relief in this court,

**IT IS RECOMMENDED** that Watkins's petition and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation

herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that Watkins's motion to proceed without prepayment of the filing fee (ECF No. 2) is granted.

Dated at Milwaukee, Wisconsin this 25th day of April, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge