UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

        Petitioner,

      v.                              Case No. 22-C-218

STATE OF WISCONSIN,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION

Petitioner Derrick Watkins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although Watkins is currently in custody at Dodge Correctional Institution, at the time he filed his petition he was being held at the Milwaukee County Jail on state charges of (1) first-degree intentional homicide with a dangerous weapon and (2) possession of a firearm by a felon. Dkt. No. 1-1 at 2. On April 25, 2022, Magistrate Judge William E. Duffin screened his petition and filed a Report and Recommendation, in which he recommends that the petition be dismissed for failure to state a claim on which relief can be granted and for failure to exhaust his state court remedies. Watkins filed an objection to the Report and Recommendation on May 12, 2022. For the following reasons, the Court adopts Judge Duffin's Report and Recommendation.

Watkins asserts that the trial court improperly denied his motion to dismiss on grounds not presented by the prosecutor. The grounds on which the circuit court denied Watkins' motion to dismiss are unclear from his petition. But as Magistrate Judge Duffin explained, Watkins' claim that his preliminary hearing was untimely raises a question of state law and is thus not cognizable under federal habeas corpus. And Watkins' *Riverside* claim assumes that the delay in holding a

preliminary hearing violates the rule in *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), requiring a probable cause determination by a judicial officer within 48 hours of a warrantless arrest. It does not. Wisconsin courts routinely comply with *Riverside* by having a court commissioner review sworn written statements from the arresting officers. *See, e.g.*, *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). A preliminary hearing is held to determine whether the evidence is sufficient to bind the defendant over for trial. Wis. Stat. § 970.03(3). Regardless of whether the prosecutor clearly articulated the grounds for denying Watkins' motion to dismiss, it is hard to see how any federal rights were violated by the circuit court in denying Watkins' motion to dismiss.

Wholly aside from whether Watkins can allege any grounds for federal relief, however, his petition must be dismissed for failure to exhaust his state court remedies. As explained in Magistrate Judge Duffin's Report and Recommendation, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha Cty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)). Although Watkins pursued an interlocutory appeal in the Wisconsin Court of Appeals, he did not seek relief in the Wisconsin Supreme Court. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and orders the petition **DISMISSED without prejudice** so that Watkins may exhaust his state court remedies.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge